# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| COLBY DENNIS SHEPPARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-998-M |
| | ) | |
| GARFIELD COUNTY JAIL, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, appearing pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. The matter has been referred by United States District Judge Vicki Miles-LaGrange for proposed findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B) and (C). An initial review of Plaintiff's Complaint [Doc. No. 1] has been conducted pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court finds Plaintiff's Complaint fails to state any plausible claims upon which § 1983 relief may be granted. Accordingly, it is recommended that Plaintiff's Complaint be dismissed without prejudice to refiling.

## I.    Plaintiff's Claims

Plaintiff's claims arise out of his confinement at the Garfield County Jail (Jail). Plaintiff names the Jail as the sole defendant in this action. Plaintiff states that his right to privacy has been violated because he is "being recorded from the control room in the jail" while both in his cell and outside of his cell. *See* Compl. at p. 8. Plaintiff further alleges that his mail is being

opened and that pictures have been taken of his prison grievances and those pictures have been posted on the internet. *Id*. As relief he seeks "3 or 4 million dollars." *Id*.[1]

## II. Standard for Dismissal

Pursuant to 28 U.S.C. § 1915A(a), "[t]he court shall review, before docketing, if feasible, or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The court shall dismiss the complaint if it is frivolous or malicious or fails to state a claim upon which relief may be granted. *Id*., § 1915A(b)(2).

## III. Analysis

### A. Defendant Garfield County Jail is not a Suable Entity

Plaintiff brings this action against a single defendant, the Jail. But the Jail lacks an identity separate and apart from the county it serves and therefore is not a suable entity in a § 1983 action. *See*, *e.g., Lindsey v. Thomson*, 275 F. App'x 744, 747 (10th Cir. 2007) (affirming dismissal of § 1983 claims against police departments and county sheriff's department, entities with no apparent legal existence); *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086 at *4 n. 3 (10th Cir. June 21, 2000) (unpublished op.) (affirming dismissal of county jail as defendant in prisoner's § 1983 action on basis that "a detention facility is not a person or legally created entity

---

[1] Plaintiff identifies a previously filed action in this Court, *Sheppard v. Andrew*, Case No. CIV-16-510-M. The Court dismissed the action on August 9, 2016 for lack of subject matter jurisdiction. *See id*., Order [Doc. No. 15]. Plaintiff thereafter submitted the Complaint for filing in the instant action on August 20, 2016. He submits with the Complaint a "Statement to my Claim," *see* Compl. at p. 6, and alleges facts similar to those set forth in the Third Amended Complaint [Doc. No. 14] filed in Case No. CIV-16-510-M. According to Plaintiff's allegations, his mother has "hacked" Plaintiff's phone and used a series of photographs to create a video of Plaintiff that has "gone viral." *See* Compl. at p. 6. Plaintiff further alleges that prison guards have sent videos and recordings of Plaintiff to his mother which she then posts to the internet. *See* Complaint [Doc. No. 1-1] at p. 2. Plaintiff states that he is "trying to sue the Garfield County Jail for letting the guards do this." *Id*.

capable of being sued"). Therefore, Plaintiff's claims against the Jail should be dismissed for failure to state a claim upon which § 1983 relief may be granted.

### B. Plaintiff Fails to Identify any Official at the Jail Responsible for the Alleged Denial of His Right to Privacy

Plaintiff's Complaint is subject to dismissal on the additional ground that his allegations are mostly conclusory. Plaintiff fails to identify any official at the Jail responsible for the alleged violation of his constitutional rights.[2] And, he does not provide any dates of the alleged deprivation of his rights. *See, e.g., See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (to state a claim in federal court, a complaint must explain what each defendant did to harm the plaintiff, when the defendant did it, how the defendant's actions harmed him, and what specific legal right the plaintiff alleges the defendant violated). Such conclusory allegations which fail to demonstrate personal participation by any official at the Jail in the alleged violation of Plaintiff's constitutional rights fail to state a plausible claim for § 1983 relief. *See Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) ("[Section] 1983 imposes liability for a defendant's own actions – personal participation in the specific constitutional violation complained of is essential.").

---

[2] Although Plaintiff references the conduct of his mother, Latashia Andrew, in the Complaint, Plaintiff does not name her as a defendant. In any event, Plaintiff's mother cannot be sued under § 1983 as she is not a state actor. *See generally, Anaya v. Crossroads Managed Care Sys., Inc.*, 195 F.3d 584, 595 (10th Cir. 1999) ("The only proper defendants in a Section 1983 claim are those who represent the state in some capacity[.]"). To the extent Plaintiff contends his mother has conspired with jail officials, i.e., that she has "bribed the guards" into videotaping Plaintiff, *see* Compl. at p. 6, the allegations of conspiracy are too conclusory to withstand dismissal. *See Scott v. Hern*, 216 F.3d 897, 907 (10th Cir. 2000) ("When a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state officials . . . in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action.") (quotation omitted); *see also Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994) ("Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim.").

### C. The Factual Allegations of the Complaint Fail to Support a Denial of Plaintiff's Right to Privacy

Additionally, Plaintiff has failed to allege facts sufficient to demonstrate a violation of his right to privacy. The surveillance conducted at the jail serves a legitimate penological objective. *See, e.g., Oliver v. Garfield Cty. Det. Facility*, Case No. CIV-10-1281-R, 2012 WL 668802 at * 4 (W.D. Okla. Feb. 8, 2012) (Roberts, M.J.) (dismissing prisoner's claim that security cameras at county detention facility violated his right to privacy and stating: "[t]here is no doubt that the surveillance cameras inside and outside a detention facility serve legitimate penological objectives, including providing a safer environment for prisoners, guards, and visitors") *R.&R. adopted*, Case No. CIV-10-1281-R, 2012 WL 668811 (W.D. Okla. Feb. 29, 2012) (Russell, D.J.). Therefore, any § 1983 claim premised on a violation of Plaintiff's right to privacy should be dismissed for failure to stat a claim upon which relief may be granted.

### D. Plaintiff's Claims are Frivolous

The Court further finds Plaintiff's claims are frivolous. A claim is frivolous if it is "based on an indisputably meritless legal theory" or if its "factual contentions are clearly baseless." *Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th Cir. 2006) (citation omitted). Plaintiff's allegations related to internet postings of pictures of him and prison grievances he has submitted are frivolous. Plaintiff fails to identify any constitutional harm resulting from these alleged actions. To the extent Plaintiff might be alleging an interference with the grievance process at the Jail, Plaintiff does not state a violation of any constitutional right. *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011) ("[T]here is no independent constitutional right to state administrative grievance procedures."). And, to the extent Plaintiff claims prison officials are

opening his outgoing mail and taking pictures of that mail, his allegations are wholly too conclusory to determine the nature of the constitutional violation alleged.[3]

In sum, Plaintiff's Complaint should be dismissed without prejudice to refiling pursuant to 28 U.S.C. § 1915A(b)(1). The Jail is not a suable entity and is the sole defendant against whom Plaintiff brings this action. And, Plaintiff's allegations of alleged denial of his right to privacy are too conclusory and fail to identify any responsible official at the Jail.

## IV.     Application for Leave to Proceed In Forma Pauperis

Plaintiff has filed an Application for Leave to Proceed In Forma Pauperis [Doc. No. 2]. Because it is recommended that the Complaint be dismissed, it is further recommended that Plaintiff's Application be denied as moot.

## RECOMMENDATION

It is recommended that the Complaint [Doc. No. 1] be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state claim upon which § 1983 relief may be granted. It is further recommended that Plaintiff's Application for Leave to Proceed In Forma Pauperis [Doc. No. 2] be denied as moot.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by September 29, 2016. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to

---

[3] As a general matter, however, "in the case of unprivileged incoming and outgoing prison mail, regulation by prison officials is essentially an administrative matter in which the courts will not intervene." *Al-Owhali v. Mukasey*, No. 07-cv-02214-LTB-BNB, 2010 WL 5651033 at * 13 (D. Colo. June 17, 2010) (unpublished op.) (*citing United States v. Gordon*, 168 F.3d 1222, 1228 (10th Cir. 1999)); *see also Reneau v. Mahoney*, No. 13-cv-0125-WJM-KMT, 2014 WL 1224734 at *4 (D. Colo. March 25, 2014) (unpublished op.) (concluding that prisoner "failed to show that he had a legitimate expectation of privacy in [a letter] once he turned it over to jail officials to be mailed out."), *aff'd*, 577 F. App'x 885 (10th Cir. 2014) (per curiam).

this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein.  *Moore v United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred by the District Judge in this matter.

ENTERED this 8th day of September, 2016.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE